·Filing #·32244911 E-Filed 09/18/2015 03:51:09 PM ·

A

IN THE CIRCUIT COURT, IN THE
15ᵗʰ JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

WILLIAM DENSON,                     CASE#   502015CA010600XXXXMB
Individually and on behalf of       DIV     AN
all others similarly situated,
            Plaintiff(s),           CLASS REPRESENTATION
vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
A FOREIGN LIMITED LIABILITY COMPANY,
And
HAYT, HAYT & LANDAU, PL,
A FLORIDA LIMITED LIABILITY COMPANY,
        Defendants(s),
_____/

### PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, WILLIAM DENSON (hereinafter "Plaintiff"), by and through his
undersigned attorney, individually and on behalf of all others similarly situated, and sues the
Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC, · a FOREIGN LIMITED
LIABILITY COMPANY, and HAYT, HAYT & LANDAU, PL, a FLORIDA LIMITED
LIABILITY COMPANY, (hereinafter referred to collectively as the "Defendants" or individually
as "PRA" and "HH&L"), for damages and temporary and permanent injunctive relief and other
relief pursuant to the Federal Fair Debt Collection Practices Act (hereinafter FDCPA) and for other
claims, and in support thereof alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  The Court has subject matter jurisdiction over this action pursuant to Article V, Section
    5(b), Florida Constitution, Sections 26.012 and 86.011, Florida Statutes, and Rules 1.220
    and 1.610, Florida Rules of Civil Procedure.

2.  Venue is proper in Palm Beach County, Florida, pursuant to Section 47.011, Florida
    Statutes, because:
    a.  This is the location where the cause of action accrued under the FDCPA.
    b.  This is the location where the Defendants violated the FDCPA.
    c.  This is the location where the Defendants sent debt collection communications to
        the Plaintiff or the Plaintiff's agent.
    d.  This is the location where the Plaintiff or the Plaintiff's agent received debt
        collection communications from the Defendants.
    e.  This is the location where the Defendants maliciously prosecuted DENSON.

3.  This is an action for damages in EXCESS OF $15,000.00 exclusive of interest, court
    costs, and attorney's fees, for malicious prosecution and for violation of the (FDCPA)

C:\Users\JOHP\Desktop\Legal\Clients\Denson\4-FDCPA-Sears\1-Complaint.doc

15 USC § 1692, et seq.

5.     At all times material hereto, the Plaintiff is a resident of Palm Beach County, Florida, and is sui juris.

6.     At all times material hereto, the Plaintiff is a consumer pursuant to the FDCPA in that he is a natural person obligated or allegedly obligated to pay a consumer debt.

7.     At all times material hereto, both Defendants are debt collectors within the meaning of the FDCPA in that: the Defendants have used instrumentalities of interstate commerce such as the telephone, the mails, and the internet in their business the principal purpose of which is the collection of debts; both Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and, both Defendants have represented themselves as debt collectors.

8.     At all times material hereto, the debt both Defendants were attempting to collect was an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation had been reduced to judgment within the meaning of the FDCPA 15 U.S.C. § 1692a(5), to wit: a Sears department store personal credit card account.

9.     The Plaintiff has retained the undersigned law firm to represent him in these proceedings and has agreed to pay a reasonable fee for the legal services provided as well as all costs.

10.    Pursuant to the FDCPA, 15 USC § 1 692(k)(3), if the Plaintiff is successful in enforcing liability under the Act, the Plaintiff is entitled to and requests that the Court award his reasonable attorney's fees and costs incurred.

11.    All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

12.    The Plaintiff requests trial by jury on all issues triable by jury as of right or by law.

## CLASS REPRESENTATION ALLEGATIONS

13.    Plaintiff brings this case as a class action pursuant to Rule 1.220(b)(1), (b)(2), and (b)(3) of the Florida Rules of Civil Procedure.

14.    There are questions of law and fact common to each class, which common issues predominate over any issues peculiar to individual class members. The principal common questions include:

a.    Whether PRA used false, deceptive, or misleading representations or means in connection with the collection of debts when PRA:

    1.    Purchased outstanding credit card debt from the original creditor; and,

    2.    Arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

b.    Whether PRA used unfair or unconscionable means to collect or attempt to collect a debt when PRA:

    1.    Purchased outstanding credit card debt from the original creditor; and,

    2.    Arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

c.    Whether HH&L used false, deceptive, or misleading representations or means in connection with the collection of debts when HH&L knowingly filed suit against a debtor to collect a debt when HH&L knew:

    1.    PRA had purchased outstanding credit card debt from the original creditor; and,

    2.    PRA arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

d.    Whether HH&L used unfair or unconscionable means to collect or attempt to collect a debt when HH&L knowingly filed suit against a debtor to collect a debt when HH&L knew:

    1.    PRA had purchased outstanding credit card debt from the original creditor; and,

    2.    PRA arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

e.    Whether PRA maliciously prosecuted debtors by filing suit against debtors when:

1.      Purchased outstanding credit card debt from the original creditor; and,
2.      Arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated; and,
3.      Filed the lawsuit against the debtor; and,
4.      The lawsuit was terminated in favor of the debtor; and,
5.      The lawsuit lacked probable cause; and,
6.      Acted with malice; and,
7.      The debtor suffered damages as a result thereof.

3.      (i) Approximate Number of Class Members:          The members of the class are so numerous that separate joinder of each member is impracticable.  The approximate number of class members is unknown but is reasonably expected to be in the hundreds.

PRA is a global leader in acquiring non-performing loans.  PRA has been a leader in the debt collection industry since its inception in 1996.  PRA does not re-sell accounts.  PRA establishes consumer standards regarding interest, fees, and customer engagement.  PRA works with the CFPB's rulemaking division to provide input on potential areas for industry-wide reform.  PRA has tried to change the entire debt collection industry by adopting protocols for their employees and working with regulators to raise industry standards.   PRA has been recognized as one of Fortune's 100 Fastest-Growing Companies for three years and one of Forbes' Best Small Companies in America for eight consecutive years since 2007.

HH&L is law firm specializing in collecting consumer debts.  Several of HH&L clients are nationally recognized corporations.  HH&L has offices in several states and employs dozens of attorneys.

4.      (ii) Definition of the Alleged Class:          There are three classes and they are defined as follows:
a.      The First Class (the "PRA Account Stated Class") consists of all persons who satisfy the following criteria.
        (i)     Florida residents;
        (ii)    From whom Defendant PRA was attempting to collect a debt from by filing a lawsuit against;
        (iii)   The debt PRA was attempting to collect was purchased by PRA who then arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated; and
        (iv)    During the one year period prior to the filing of the complaint in this action.

b.  The Second Class (the "HH&L Account Stated Class") consists of all persons who satisfy the following criteria:

    (i)  Florida residents;

    (ii)  From whom Defendant HH&L filed suit against for PRA;

    (iii)  For a debt HH&L was trying to collect for PRA which PRA purchased and then arranged for the original creditor to issue and mail a single statement of account, which statement did not include the time of accrual and amount of each charge, to the debtor for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated;

    (iv)  During the one or two year period prior to the filing of the complaint in this action.

c.  The Third Class (the "PRA Malicious Prosecution Class") consists of all persons who satisfy the following criteria:

    (i)  Florida residents;

    (ii)  Whom were defendants in a lawsuit;

    (iii)  The lawsuit was brought by Defendant PRA;

    (iv)  The lawsuit was terminated in favor of the debtor;

    (v)  The lawsuit lacked probable cause;

    (vi)  PRA acted with malice;

    (vii)  The debtor suffered damages as a result thereof.

    (viii)  During the four year period prior to the filing of the complaint in this action.

16.  (iii) The Representative Party Will Fairly and Adequately Protect and Represent the Interests of Each Member of the Class:   Plaintiff DENSON will fairly and adequately represent the interests of the class members.

17.  DENSON has retained counsel experienced in prosecuting consumer protection matters and there is no reason why DENSON and his counsel will not vigorously pursue this matter.

18.  (b)(1)(A)   The prosecution of separate claims or defenses by or against individual members of the class would create a risk of inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class.

19.  (b)(1)(B)   Adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

20.  (b)(2)   The Defendants have acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or an award of damages concerning the class as a whole appropriate.  Plaintiff's claims are typical of the claims of all of the members of the Classes who have received improper

debt collection communications from the Defendants in violation of the law.  The Defendants have acted on grounds which are generally applicable to the Classes, in that they have acted in a uniform manner with respect to all members of the Classes. The Plaintiff and the members of the Classes have sustained similar damages and violations of their rights as a result of the actions of the Defendants and are requesting similar relief.

21.   (b)(3)         The questions of law or fact common to the claims of the representative party and the claims of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.  The principal common questions include:

a.      Whether PRA used false, deceptive, or misleading representations or means in connection with the collection of debts when PRA Purchased outstanding credit card debt from the original creditor and then arranged for the original creditor to issue and mail a statement of account to the debtor, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

b.      Whether PRA used unfair or unconscionable means to collect or attempt to collect a debt when PRA purchased outstanding credit card debt from the original creditor and then arranged for the original creditor to issue and mail a statement of account to the debtor, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

c.      Whether HH&L used false, deceptive, or misleading representations or means in connection with the collection of debts when HH&L knowingly filed suit against a debtor to collect a debt when HH&L knew PRA had purchased outstanding credit card debt from the original creditor and knew that PRA arranged for the original creditor to issue and mail a statement of account to the debtor, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

d.      Whether HH&L used unfair or unconscionable means to collect or attempt to collect a debt when HH&L knowingly filed suit against a debtor to collect a debt when HH&L knew PRA had purchased outstanding credit card debt from the original creditor and knew that PRA arranged for the original creditor to issue and mail a statement of account to the debtor, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

e.      Whether PRA maliciously prosecuted debtors by filing suit against debtors when PRA had purchased outstanding credit card debt from the original creditor; and, then PRA arranged for the original creditor to issue and mail a statement of account to the debtor, which statement did not include the time of accrual and amount of each charge for the express purpose of extending the soon-to-be-expiring or expired

statute of limitations by attempting to create a new cause of action for account stated and PRA filed suit against the debtor, the lawsuit was terminated in favor of the debtor, the lawsuit lacked probable cause, PRA acted with malice, and, the debtor suffered damages as a result thereof.

**COUNT I          VIOLATION OF THE FDCPA 15 USC §1692e and f**

22.   Plaintiff readopts and realleges allegations 1 through 21, inclusive, as if fully set forth herein.

23.   In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant PRA for violation of FDCPA 15 USC §1692e and f, et seq.

24.   At all times material hereto, Defendant PRA purchased and acted to collect consumer debts, including consumer debts from personal Sears department store credit cards used for personal, family, or household purposes.

29.   On or about 8/25/2011, PRA purchased the outstanding credit card debt from the original creditor, CITIBANK, N.A. SEARS PREMIER CARD (hereinafter CITIBANK), which included an account alleged to belong to DENSON.

30.   On or about February 2012, PRA then conspired with the previous owner of the debt, CITIBANK, to have CITIBANK print and possibly mail a single credit card statement to DENSON, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

31.   On or about 5/18/2012, PRA and CITIBANK entered into another agreement entitled BILL OF SALE AND ASSIGNMENT, to purportedly *"transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1..."* to PRA for a second time.  This second sale was for the express and improper purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated BUT ALSO was a blatantly improper attempt to validate CITIBANK'S actions in sending out the statement to DENSON after CITIBANK had already sold the account to PRA.

32.   On or about 6/3/2015, Defendant PRA, by and through their attorneys, HH&L, sued Plaintiff   DENSON   in   Palm   Beach   County,   county   court,   case# **502015SC005124XXXXMB,** to collect on the CITIBANK Sears department store credit card.  In that case, PRA specifically alleges that they were the "owner of the debt" in question.

33.   Knowing that CITIBANK was not the actual owner of the account at the time the cause of action for account stated may have accrued, PRA falsely alleged in their complaint that *"Before the institution of this action CITIBANK, N.A., SEARS PREMIER CARD and*

*Defendant…agreed to the resulting balance for account number 5049948115636963.*"

34.     Having sold the account to PRA, CITIBANK had no authority or right to print or mail a bill to DENSON, or to agree with DENSON to a resulting balance for the account already sold to PRA, or to sue DENSON for collection of the debt.

35.     PRA also relied on CITIBANK'S actions to transform a claim for breach of contract, which PRA could not prove without proper records they could not obtain or that did not exist or for which the statute of limitations was expiring or had expired, into a claim for account stated, which PRA hoped either they could sustain with a single account statement without sufficient information contained therein or that the mere fact of a lawsuit would scare DENSON into settling his case, a case that PRA knew it could not prove and had no intent of taking to a contested final hearing.

36.     The Florida Rules of Civil Procedure, Form 1.933, requires the account statement contain *"A copy of the account showing items, time of accrual of each and amount of each…."* PRA never produced such a statement to itemize the amount claimed of $1,883.09, and therefore their claim against DENSON could not have been sustained.

37.     The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had the business transaction with the debtor, which PRA failed to do as plaintiff in the county court case, and therefore their claim against DENSON could not have been sustained.

38.     The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had an agreement with the debtor as to the resulting balance, which PRA failed to do as plaintiff in the county court case, and therefore their claim against DENSON could not have been sustained.

39.     The Florida Rules of Civil Procedure, Form 1.933, requires *"A copy of the account showing items, time of accrual of each, and amount of each must be attached.",* which PRA failed to submit as plaintiff in the county court case, and therefore their claim against DENSON could not have been sustained.

40.     These actions of PRA were a direct violation of the following provisions of the FDCPA:

a.     PRA's collection activity violated 15 U.S.C. §1692e, in that PRA used false, deceptive, or misleading representation or means in connection with the collection of the debt.

b.     PRA's collection activity violated 15 U.S.C. §1692e(2)(A), in that PRA falsely represented the character, amount, or legal status of the debt.

c.     PRA's collection activity violated 15 U.S.C. §1692e(5), in that PRA threatened to take any action that cannot legally be taken or that is not intended to be taken.

      d.      PRA's collection activity violated 15 U.S.C. §1692e(8), in that PRA communicated or threatened to communicate to any person credit information which is known or which should be known to be false.

      e.      PRA's collection activity violated 15 U.S.C. §1692e(10), in that PRA used false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

      f.      PRA's collection activity violated 15 U.S.C. §1692e(12), in that PRA falsely represented or implied that accounts had been turned over to innocent purchasers for value.

      g.      PRA's collection activity violated 15 U.S.C. §1692f, in that PRA used unfair or unconscionable means to collect or attempt to collect this debt.

41.      Each one of these violations was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692e and/or an unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692f

42.      PRA, knowing that their improper debt collection activities had been discovered and were a violation of the FDCPA, voluntarily dismissed their action against DENSON.

43.      DENSON and the members of the First Class have suffered damages by virtue of the violations of the law by Defendant PRA. Specifically, DENSON was forced to retain an attorney to represent him and incurred $6,198.50 in damages.

WHEREFORE, DENSON and the class members of the First Class (the "PRA Account Stated Class"), pray for trial by jury and judgment against the Defendant PRA for:

1.      Actual damages incurred consisting of attorney's fees and costs incurred of $6,198.50.
2.      Statutory damages pursuant to 15 U.S.C. §1692k.
3.      Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.
4.      The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.
5.      Temporary and permanent injunctive relief prohibiting further such violations of the law.
6.      Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.
7.      Such other and further relief in the premises that the Court deems appropriate.

**COUNT II**          **VIOLATION OF THE FDCPA 15 USC §1692e and f**

44.  Plaintiff readopts and realleges allegations 1 through 21, inclusive, as if fully set forth herein.

45.  In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant HH&L for violation of FDCPA 15 USC §1692e and f, et seq.

46.  At all times material hereto, Defendant HH&L acted as the law firm representing PRA and with full knowledge of PRA's improper debt collection activities.

47.  At all times material hereto, Defendant HH&L knew PRA purchased and acted to collect consumer debts, including consumer debts from personal Sears department store credit cards used for personal, family, or household purposes.

48.  At all times material hereto, Defendant HH&L knew that on or about 8/25/2011, PRA purchased the outstanding credit card debt from the original creditor, CITIBANK, N.A. SEARS PREMIER CARD (hereinafter CITIBANK), which included an account alleged to belong to DENSON.

49.  At all times material hereto, Defendant HH&L knew that on or about February 2012, PRA then conspired with the previous owner of the debt, CITIBANK, to have CITIBANK print and possibly mail a single credit card statement to DENSON, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

50.  At all times material hereto, Defendant HH&L knew that on or about 5/18/2012, PRA and CITIBANK entered into another agreement entitled BILL OF SALE AND ASSIGNMENT, to purportedly ***"transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1..."*** to PRA for a second time. Defendant HH&L knew this second sale was for the express and improper purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated BUT ALSO was a blatantly improper attempt to validate CITIBANK'S actions in sending out the statement to DENSON after CITIBANK had already sold the account to PRA.

51.  Defendant HH&L drafted the complaint and filed the lawsuit for PRA against DENSON on or about 6/3/2015, in Palm Beach County, county court, case# **502015SC005124XXXXMB,** to collect on the CITIBANK Sears department store credit card.  HH&L's complaint specifically alleged that PRA was "owner of the debt" in question.

52.  At all times material hereto, Defendant HH&L knew that CITIBANK was not the actual owner of the account at the time the cause of action for account stated may have accrued, and HH&L falsely alleged in the complaint that ***"Before the institution of this action***

*CITIBANK, N.A., SEARS PREMIER CARD and Defendant...agreed to the resulting balance for account number 5049948115636963.*"

53.    Having documented proof CITIBANK sold the account to PRA, HH&L knew CITIBANK had no authority or right to print or mail a bill to DENSON, or to agree with DENSON to a resulting balance for the account already sold to PRA, or to sue DENSON for collection of the debt.

54.    HH&L knew they could not prove a claim of breach of contract between PRA and DENSON because neither they nor PRA had such records or the records did not exist.

55.    In an effort to extend the expiring or expired statute of limitations, HH&L tried to make a claim against DENSON for account stated through the acts of CITIBANK drafting and mailing a single account statement, which statement did not include the time of accrual and amount of each charge, believing that the mere fact of a lawsuit would scare DENSON into settling his case, a case that HH&L knew it could not prove and had no intent of taking to a contested final hearing.

56.    The Florida Rules of Civil Procedure, Form 1.933, requires the account statement contain *"A copy of the account showing items, time of accrual of each and amount of each...."*, which HH&L never produced, to itemize the amount claimed of $1,883.09, and therefore the claim against DENSON could not have been sustained.

57.    The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had the business transaction with the debtor, which HH&L knew PRA did not do as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

58.    The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had an agreement with the debtor as to the resulting balance, which HH&L knew PRA did not do as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

59.    The Florida Rules of Civil Procedure, Form 1.933, requires *"A copy of the account showing items, time of accrual of each, and amount of each must be attached."*, which HH&L knew neither they nor PRA could not provide as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

60.    These actions of HH&L were a direct violation of the following provisions of the FDCPA:

   a.    HH&L's collection activity violated 15 U.S.C. §1692e, in that HH&L used false, deceptive, or misleading representation or means in connection with the collection of the debt.

   b.    HH&L's collection activity violated 15 U.S.C. §1692e(2)(A), in that HH&L

falsely represented the character, amount, or legal status of the debt.

c.     HH&L's collection activity violated 15 U.S.C. §1692e(5), in that HH&L threatened to take any action that cannot legally be taken or that is not intended to be taken.

d.     HH&L's collection activity violated 15 U.S.C. §1692e(8), in that HH&L communicated or threatened to communicate to any person credit information which is known or which should be known to be false.

e.     HH&L's collection activity violated 15 U.S.C. §1692e(10), in that HH&L used false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning a consumer.

f.     HH&L's collection activity violated 15 U.S.C. §1692e(12), in that HH&L falsely represented or implied that accounts had been turned over to innocent purchasers for value.

g.     HH&L's collection activity violated 15 U.S.C. §1692f, in that HH&L used unfair or unconscionable means to collect or attempt to collect this debt.

61.     Each one of these violations was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692e and/or an unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692f

62.     HH&L, knowing that their improper debt collection activities with PRA had been discovered and was a violation of the FDCPA, voluntarily dismissed their action against DENSON.

63.     DENSON and the members of the First Class have suffered damages by virtue of the violations of the law by Defendant HH&L. Specifically, DENSON was forced to retain an attorney to represent him and incurred $6,198.50 in damages.

WHEREFORE, DENSON and the class members of the Second Class (the "HH&L Account Stated Class"), pray for trial by jury and judgment against Defendant HH&L for:

1.     Actual damages incurred consisting of attorney's fees and costs incurred of $6,198.50.

2.     Statutory damages pursuant to 15 U.S.C. §1692k.

3.     Such additional damages as the court may allow for each plaintiff/class member up to $1,000.00 pursuant to 15 U.S.C. § 1692k.

4.     The amount the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector pursuant to 15 U.S.C. § 1692k.

5.     Temporary and permanent injunctive relief prohibiting further such violations of the law.

6.     Attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

7.     Such other and further relief in the premises that the Court deems appropriate.

**COUNT III          MALICIOUS PROSECUTION**

64.    Plaintiff readopts and realleges allegations 1 through 21, inclusive, as if fully set forth herein.

65.    In addition to all other counts of this complaint or in the alternative to them, the Plaintiff, individually and on behalf of all others similarly situated, sues Defendant PRA for malicious prosecution.

66.    Defendant PRA sued DENSON on or about 6/3/2015, in Palm Beach County, county court, case# **502015SC005124XXXXMB,** to collect on the CITIBANK Sears department store credit card.

67.    PRA alleged they were the owners of the debt and had purchased if from CITIBANK on or about 8/25/2011 and were thus was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding.

68.    The county court proceedings terminated by way of a voluntary dismissal by PRA which constituted a bona fide termination of that proceeding n favor of the present plaintiff.

69.    PRA lacked probable cause for the original proceeding, in that:

    a.    On or about 8/25/2011, PRA purchased the outstanding credit card debt from the original creditor, CITIBANK, N.A. SEARS PREMIER CARD (hereinafter CITIBANK), which included an account alleged to belong to DENSON.

    b.    On or about February 2012, PRA then conspired with the previous owner of the debt, CITIBANK, to have CITIBANK print and possibly mail a single credit card statement to DENSON, which statement did not include the time of accrual and amount of each charge, for the express purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated.

    c.    On or about 5/18/2012, PRA and CITIBANK entered into another agreement entitled BILL OF SALE AND ASSIGNMENT, to purportedly *"transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to Buyer's successors and assigns, the Accounts described in Exhibit 1..."* to PRA for a second time. This second sale was for the express and improper purpose of extending the soon-to-be-expiring or expired statute of limitations by attempting to create a new cause of action for account stated BUT ALSO was a blatantly improper attempt to validate CITIBANK'S actions in sending out the statement to DENSON after CITIBANK had already sold the account to PRA.

    d.    On or about 6/3/2015, Defendant PRA, by and through their attorneys, HH&L, sued Plaintiff DENSON in Palm Beach County, county court, case# **502015SC005124XXXXMB,** to collect on the CITIBANK Sears department

Page 13 of 15

store credit card.  In that case, PRA specifically alleges that they were the "owner of the debt" in question.

e.   Knowing that CITIBANK was not the actual owner of the account at the time the cause of action for account stated may have accrued, PRA falsely alleged in their complaint that *"Before the institution of this action CITIBANK, N.A., SEARS PREMIER CARD and Defendant...agreed to the resulting balance for account number 5049948115636963."*

f.   Having sold the account to PRA, CITIBANK had no authority or right to print or mail a bill to DENSON, or to agree with DENSON to a resulting balance for the account already sold to PRA, or to sue DENSON for collection of the debt.

g.   PRA also relied on CITIBANK'S actions to transform a claim for breach of contract, which PRA could not prove without proper records they could not obtain or that did not exist or for which the statute of limitations was expiring or had expired, into a claim for account stated, which PRA hoped either they could sustain with a single account statement, which statement did not include the time of accrual and amount of each charge, or that the mere fact of a lawsuit would scare DENSON into settling his case, a case that PRA knew it could not prove and had no intent of taking to a contested final hearing.

h.   The Florida Rules of Civil Procedure, Form 1.933, requires the account statement contain *"A copy of the account showing items, time of accrual of each and amount of each...."* PRA never produced such a statement to itemize the amount claimed of $1,883.09, and therefore PRA's claim against DENSON could not have been sustained.

i.   The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had the business transaction with the debtor, which PRA failed to do as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

j.   The Florida Rules of Civil Procedure, Form 1.933, requires the plaintiff to have been the party that had an agreement with the debtor as to the resulting balance, which PRA failed to do as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

k.   The Florida Rules of Civil Procedure, Form 1.933, requires *"A copy of the account showing items, time of accrual of each, and amount of each must be attached.",* which PRA failed to submit as plaintiff in the county court case, and therefore PRA's claim against DENSON could not have been sustained.

70.   The circumstances under which the above-described acts were committed by PRA constitute a wanton and reckless disregard for DENSON's legally protected rights and interests, and a willful attempt to injure DENSON.

C:\Users\JOHP\Desktop\Legal\Clients\Denson\4-FDCPA-Sears\1-Complaint.doc

71.     The lack of probable cause by PRA is proof of legal malice on the part of PRA.

72.     As a direct and proximate result of PRA's malicious prosecution, DENSON incurred damages of $6,198.50 for legal fees and costs to defend and ultimately defeat the Defendant's claim.   DENSON also suffered damages as a result of the original proceeding consisting of aggravation of preexisting mental, emotional, and physical conditions, pain, suffering, anxiety, and stress.

73.     PRA is not able to establish that the original proceeding or any subsequent proceedings was instituted and prosecuted in the good faith or that the Defendants are or represents, or is an agent of, a public entity or state agency that is immune from liability for causes of action in tort.


WHEREFORE, DENSON and the class members of the Third Class (the   "PRA Malicious Prosecution Class" ), pray for trial by jury and judgment against Defendant PRA for:

1.     General damages.
2.     Damages for pain and suffering.
3.     Special damages for the attorney's fees and costs expended on defending the contempt proceedings in the amount of $6,198.50.
4.     Special damages for aggravation of pre-existing injuries.
5.     Costs of suit as incurred in this action.
6.     And for any other and further relief as this Honorable Court may deem appropriate


## NOTICE OF E-MAIL ADDRESS DESIGNATION PURSUANT TO
## RULE 2.516, Fla.R.Jud.Admin.

Comes now Jerome F. Skrandel, PL, and, pursuant to Rule 2.5 16, Fla.R.Jud.Admin., designates the e-mail addresses for service of pleadings and documents in this matter:

John J.R. Skrandel, Fla. Bar# 120413                    **JFSPA@MSN.COM**


By /s/ *John J.R. Skrandel*, FL Bar# 120413
**Jerome F. Skrandel, PL**
300 Prosperity Farms Road, Suite D, North Palm Beach, FL 33408-5212
Phone (561)863-1605 Fax (561)863-1606 Email JFSPA@MSN.COM